UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ENTRAL GROUP INTERNATIONAL, LLC,       )
                                       )
              Plaintiff,               )
                                       )   Case No: **CV 05 2292**
        v.                             )
                                       )   COMPLAINT
LEGEND CAFÉ & KARAOKE, INC.,           )
WA MEN ZHANG, and WEI HAO LI,          )   (Jury Demand)
                                       )
              Defendants.              )
                                       )
-----------------------------------------------------------



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
* MAY 11 2005 *
BROOKLYN OFFICE

AMON, J.

GOLD, M.J.

The Entral Group International, LLC, ("EGI"), by its attorneys, Coudert Brothers LLP, allege for its complaint as follows:

### NATURE OF CASE

1. This is an action seeking injunctive relief, damages, and attorneys' fees based upon (i) copyright infringement under the copyright laws of the United States, 17 U.S.C. §101 *et seq.*, (ii) federal unfair competition and false designation of origin under 15 U.S.C. §1125(a), (iii) federal false advertising under 15 U.S.C. §1125(a), (iv) false advertising under New York General Business Law §350, (v) deceptive trade practices under New York General Business Law §349, (vi) unfair competition under New York General Business Law §360-l, (vii) use of name with intent to deceive in violation of New York Business Law §133, (viii) common law unfair competition, and (ix) seeking an accounting.

1

## PARTIES

2. EGI is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 245 Park Avenue, 39th Floor, New York, New York, 10167.

3. Defendant Legend Café & Karaoke, Inc. is a karaoke entertainment club with its principal place of business at 6201 8th Avenue, Brooklyn, New York, 11220, and Wa Men Zhang and Wei Hao Li are the chairmen or chief executive officers of Legend Café & Karaoke, Inc. (collectively "Defendant").

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 17 U.S.C. §101 *et seq.*, and 28 U.S.C. §§ 1331, 1338 and 1367.

5. This Court has personal jurisdiction over the Defendant pursuant to Sections 301 and 302 of the New York Civil Practice Law and Rules, and venue in this District is proper under 28 U.S.C. §1391(b) and 28 U.S.C. §1400, in that the Defendant resides in this District, and the acts of infringement complained of herein occurred in this District.

## FACTUAL BACKGROUND

### Plaintiff's Control of the
### Chinese Language Audio-visual Karaoke Works

6. Plaintiff is in the business of licensing and distributing Chinese language audio-visual karaoke works for commercial use in the United States. Plaintiff's name and reputation as a licensee of high quality foreign language audio-visual karaoke works in North America is widely known throughout the United States and the world.

7. Plaintiff has invested and continues to invest substantial sums of money, as well as time and effort, in licensing, promoting, and marketing Chinese language audio-visual karaoke works in the United States.

8. Plaintiff is the representative of various companies, including but not limited to, Universal Music Limited, EMI Group Hong Kong Limited, Emperor Entertainment (Hong Kong) Limited, Go East Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd. (collectively "the Companies"), who either directly or through their subsidiary labels, own and have exclusive legal control of all worldwide copyright interests in their respective karaoke audio-visual works (collectively "the Works").

9. The Works were created in Hong Kong and are protected under the copyright laws of the United Kingdom, The People's Republic of China, the Berne Convention, and the United States.

10. Most, if not all, of the Works prominently display the Companies' respective trademarks and other relevant information identifying the source of the Work, often in the opening segment of each of the Works.

11. The artists whose images, voices, and performances are featured in the Works are generally under exclusive contracts with the Companies with regard to karaoke audio-visual works featuring their likeness and have not produced or authorized any third party to produce any other competing karaoke audio-visual work.

12. Pursuant to certain agreements between the Companies and TC Worldwide Ltd. ("TCW"), the Companies have granted TCW, among other rights, the exclusive rights to reproduce, distribute, and commercially use, and to authorize third parties to reproduce,

distribute, and commercially use, the Works in commercial karaoke outlets in the United States and Canada, and to collect license fees with respect to such reproduction and use.

13. In accordance with certain agreements, TCW has assigned all of its copyright interests in the Works: (a) to its affiliate, EGI, the Plaintiff in this action, in respect to the territory of the United States; and (b) to its affiliate, Entral Group International Inc., in respect to the territory of Canada.

14. EGI is, and at all relevant times has been, the exclusive licensee in the United States of copyright interests in all of the Chinese language karaoke audio-visual recordings of the Companies, including but not limited to those Works identified in the Schedules "A" and "B" of each the affidavits of the respective Companies attached hereto as Exhibit 1 ("the Listed Works").

15. The Works listed and incorporated by reference in each Schedule "A" are a part of that Companies' older works, sometimes called "backlists" or "back catalogues," which lists are periodically updated.

16. The Works listed and incorporated by reference in each Schedule "B" are a part of the Companies' more recent works, usually called "Control Catalogues," and have never been legally distributed in any form in North America except through Plaintiff. Many of the "Control Catalogue" works begin with a notice reading "Promotional Copy," or some variation thereof, and are only available in the United States through obtaining a license from Plaintiff, or through illegal means. The Schedule B lists are regularly updated.

17. Upon the authorization of the Companies, Plaintiff has also registered a number of the Works with the Registrar of Copyrights in the United States Copyright Office ("the

Registered Works"). Valid Certificates of Copyright Registration issued by the Registrar of Copyrights are attached hereto as Exhibit 2.

18. Plaintiff is widely known throughout the United States and the world as the exclusive licensee of the Works in North America.

### Defendant's Unlawful Acts and Conduct

19. Defendant is a commercial entity engaged in the business of karaoke entertainment. Defendant's business is carried out by obtaining copies of audio-visual karaoke materials, installing those copies onto a specialized computer capable of selecting and displaying those works through an audio-visual system, and then allowing its customers to play and perform such works on the Defendant's premises. Food and alcoholic beverages are also sold by Defendant in connection with the use of the audio-visual karaoke materials.

20. Defendant has commercially used and is commercially using the Works, including many of the Listed Works and many of the Registered Works, without the authorization of Plaintiff or the Companies.

21. Defendant has infringed and continues to infringe thousands of Plaintiff's valid and enforceable copyright interests in the Works.

22. Defendant has willfully copied, distributed, and performed, and continues to copy, distribute, and perform, many of the Listed Works identified in Schedules A and B of Exhibit 1 without permission of Plaintiff and in violation of Plaintiff's copyright interests.

23. Defendant has willfully copied, distributed, and performed, and continues to copy, distribute, and perform, many of the Registered Works identified in Exhibit 2 without permission of Plaintiff and in violation of Plaintiff's copyright interests.

NEWYORK 4314376v20

24. Defendant has made false statements and representations for the purpose of engaging in and soliciting business with regard to the nature, ownership, and character of the Works.

25. Defendant is not now and has never been authorized by Plaintiff, or any of the Companies, to use the Companies' trademarks as featured in the Works in connection with any business or service. Defendant has purposely promoted and continues to promote such Works in a way as to create a false association between Defendant and Plaintiff.

26. Defendant's use of the Companies' trademarks in connection with its unauthorized use of the Works is likely to cause confusion, mistake, or deception. In particular, customers of Defendant are likely to believe that Defendant's services are authorized, sponsored or otherwise approved by Plaintiff, the exclusive licensee of the Works, when in fact they are not. Such confusion is likely to occur within the State of New York and within this judicial district.

27. Many of Defendant's unauthorized copies of the Works are of poor and sub-standard quality as a result of being unlawfully copied.

28. Defendant has commercially profited, and continues to commercially profit, both directly and indirectly, through its unauthorized use of the Works and Plaintiff has been and continues to be injured by Defendant's unlawful acts.

29. As a result of Defendant's unauthorized use of the Works, Defendant has gained an unfair advantage with respect to Plaintiff's customers and potential customers.

30. The "Control Catalogue" portion of the Works is of special value because it contains the most recent and highly sought after Works, and because its distribution is limited. As a

NEWYORK 4314376v20

result of Defendant's unauthorized use of the "Control Catalogue," the value of that portion of the Works is and has been significantly compromised.

31. Plaintiff has made demands that Defendant either enter into a license agreement to use the Works or discontinue the infringement and acts complained of, and Defendant has ignored Plaintiff's requests. Defendant has performed the acts complained of herein willfully and with knowledge of the infringement that it would cause, and with intent to cause confusion, mistake, and deception.

## COUNT I
## COPYRIGHT INFRINGEMENT
## THE BERNE CONVENTION AND 17 U.S.C. §101 *et seq.*

32. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

33. The unauthorized copying, distributing, and performing of the Works by Defendant infringes Plaintiff's exclusive copyright interests in those Works.

34. Defendant has knowingly caused, participated in, materially contributed to, and derived economic benefit from the infringement of Plaintiff's copyright interests, and Plaintiff has been damaged and continues to be damaged thereby.

35. Defendant's aforesaid conduct has been and continues to be intentional, willful, deliberate, and with full knowledge of Plaintiff's copyright interests and the infringement thereof.

36. The aforesaid acts of Defendant have caused and will continue to cause damage in an amount to be determined at trial.

37. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

**COUNT II**
**FEDERAL UNFAIR COMPETITION AND**
**FALSE DESIGNATION OF ORIGIN**
**15 U.S.C. §1125(a) (§43(a) of the Lanham Act)**

38. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

39. The aforesaid acts of Defendant are likely to cause confusion, mistake, or deception among both Defendant's clients and other karaoke entertainment businesses by reason of the fact that they are likely to believe that Defendant's goods and services originate from, or are in some way properly connected with, approved by, or endorsed by Plaintiff.

40. The confusion, mistake, or deception referred to herein arises out of the aforesaid acts of Defendant which constitutes unfair competition, false designation of origin, false or misleading description of fact, or false or misleading representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

41. The aforesaid acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake, or deception.

42. The aforesaid acts of Defendant have caused and will continue to cause damage in an amount to be determined at trial.

43. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT III
## FEDERAL FALSE ADVERTISING
### 15 U.S.C. §1125(a) (§43(a) of the Lanham Act)

44. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

45. Defendant has made and continues to make false and/or misleading statements, descriptions of fact, and representations in connection with its good and services in commercial advertising or promotion that misrepresent the nature, characteristics, and quality of Plaintiff's goods and of Defendant's goods.

46. Defendant's acts, as described above, constitute false advertising in violation of 15 U.S.C. §1125(a).

47. The aforesaid acts of Defendant are willful and deliberate.

48. The aforesaid acts of Defendant have caused and will continue to cause damage in an amount to be determined at trial.

49. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT IV
## FALSE ADVERTISING IN VIOLATION OF
## NEW YORK GENERAL BUSINESS LAW §350.

50. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

51. Defendant has made and continues to make false and misleading statements, descriptions of fact, and representations in connection with its goods and services in commercial

advertising or promotion that misrepresent the nature, characteristics, and quality of Defendant's goods.

52. Defendant's acts described above constitute false advertising in violation of New York General Business Law §350.

53. The aforesaid acts of Defendant are willful and deliberate.

54. The aforesaid acts of Defendant have caused and will continue to cause damage in an amount to be determined at trial.

55. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT V
## DECEPTIVE TRADE PRACTICES
## IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW §349

56. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

57. Defendant has been and is engaging in deceptive acts or practices against Plaintiff in the conduct of its business by causing confusion as to the source, sponsorship, approval, affiliation, connection, or association with, or certification by Plaintiff through the unauthorized use of the Works by Defendant.

58. Such acts are in violation of New York General Business Law §349.

59. The aforesaid acts of Defendant are willful and deliberate.

60. The aforesaid acts of Defendant have caused and will continue to cause damage in an amount to be determined at trial.

NEWYORK 4314376v20

61. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT VI
## UNFAIR COMPETITION IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW §360-l

62. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

63. The aforesaid acts of Defendant are likely to cause injury to Plaintiff's business reputation as a result of Defendant unfairly competing with Plaintiff in violation of New York General Business Law §360-l.

64. The aforesaid acts of Defendant are willful and deliberate.

65. The aforesaid acts of Defendant have caused and will continue to cause damage in an amount to be determined at trial.

66. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT VII
## USE OF NAME WITH INTENT TO DECEIVE IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 133

67. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

68. Only Plaintiff has the right to use the Companies' names in the United States in connection with the Works, unless authorization is given by the Companies or Plaintiff.

69. Defendant uses the Companies' names in connection with its goods and services in the United States without the authorization of the Companies or Plaintiff, the Companies' exclusive licensee.

70. Defendant's misappropriation of the Companies' names was for the intention of deceiving and misleading the public and capitalizing on the reputation and goodwill established by the Companies and Plaintiff.

71. The aforesaid acts of Defendant is likely to confuse, deceive, or mislead the public into believing that they are buying the products of Plaintiff or that Defendant is associated with, sponsored by, or somehow related to or approved by Plaintiff.

72. Such acts are in violation of New York General Business Law §133.

73. The aforesaid acts of Defendant are willful and deliberate.

74. The aforesaid acts of Defendant have caused and will continue to cause damage in an amount to be determined at trial.

75. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT VIII
## COMMON LAW UNFAIR COMPETITION

76. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

77. By using a Works without Plaintiff's permission, Defendant has misappropriated Plaintiff's property and valuable goodwill at no cost to Defendant and has unfairly benefited from such Works in violation of the common law of New York State.

78. The aforesaid acts of Defendant constitute unfair business practices and constitute unfair competition and are resulting and have resulted in substantial damage to Plaintiff's business, reputation, and goodwill in violation of the common law of New York State.

79. Such acts are in violation of New York common law.

80. The aforesaid acts of Defendant are willful and deliberate.

81. The aforesaid acts of Defendant have caused and will continue to cause damage in an amount to be determined at trial.

82. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT IX
## ACCOUNTING

83. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

84. Plaintiff does not know the full extent to which Defendant has made unauthorized use of the Works.

85. Plaintiff does not know the precise amount of money which Defendant has received as a result of, and in connection with, its unauthorized use of the Works.

86. Plaintiff alleges that Defendant possesses records which reflect the full extent to which Defendant has infringed the copyrights of the Works, and the precise amount of money Defendant has received as a result of, and in connection with, its unauthorized use of the Works.

87. Plaintiff is therefore entitled to a judgment for a full accounting of all Works which Defendant has copied, distributed, and/or used in connection with any commercial

activity, and the money and profits earned by Defendant as a result of, and connected to, its unauthorized use of the Works, including all monies earned through selling food, alcoholic and non-alcoholic beverages, and any other goods or services in direct connection with Defendant's unauthorized use of the Works.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

a) For a preliminary and permanent injunction providing:

(i) Defendant, and its respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therein, shall be and hereby are enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted Works, whether now in existence or later created, which are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff); and

(ii) Defendant, and its respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, shall deliver up for destruction all infringing materials, including all discs, drives, and other storage media that contain infringing copies of Plaintiff's copyrighted works which are in Defendant's possession, custody, or control; and

b) For an award to Plaintiff, at its election, of either:

(i) actual damages and all profits derived by Defendant as a result of its infringing activities, pursuant to 17 U.S.C. §504(b), or

(ii) statutory damages in the maximum amount of $150,000 with respect to each of Plaintiff's copyrighted works registered in the United States, pursuant to 17 U.S.C. §504 (c); and

c) For an award of such damages in an amount sufficient to compensate Plaintiff for losses it has sustained as a consequence of Defendant's unlawful acts, as well as profits attributable to Defendant's unlawful acts; and

d) For an accounting for all profits derived by Defendant from its unlawful acts; and

e) For an award to Plaintiff of its attorneys' fees and full costs; and

f) For an award of treble damages to Plaintiff; and

g) For such further relief as the Court may deem just and appropriate.

Dated: New York, New York

May 10, 2005

Respectfully submitted,

David E. Wienir (DW-5804)
Kevin W. Goering (KG-5859)
COUDERT BROTHERS LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 626-4400
*Attorneys for Plaintiff*
*Entral Group International, LLC*

15

NEWYORK 4314376v20