Entral Group International, LLC v. Legend Cafe & Karaoke, Inc. et al                                                                                              Doc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
ENTRAL GROUP INTERNATIONAL, LLC,   )
                                   )
          Plaintiff,               )   Case No: 05-cv-2292
                                   )
     v.                            )
                                   )   REQUEST TO ENTER DEFAULT
LEGEND CAFÉ & KARAOKE, INC., WA MEN )
ZHANG, and WEI HAO LI,             )
                                   )
          Defendants.              )
-------------------------------------------------------------

TO:   ROBERT C. HEINEMANN, CLERK
      UNITED STATES DISTRICT COURT
      EASTERN DISTRICT OF NEW YORK

Please enter default of defendants Legend Café & Karaoke, Inc., Wa Men Zhang, and Wei Hao Li pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to plead or otherwise defend the above-captioned action as fully appears from the court file herein and from the attached affidavit of David Wienir.

Dated: New York, New York
       October 7, 2005

                              By: _____
                                  David Wienir (DW-5804)
                                  COUDERT BROTHERS LLP
                                  1114 Avenue of the Americas
                                  New York, New York 10036
                                  Tel: (212) 626-4755
                                  *Attorneys for Plaintiff*

NEWYORK 4412727v4

Dockets.Justia.co

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
ENTRAL GROUP INTERNATIONAL, LLC,   )
                                   )    Case No: 05-cv-2292
            Plaintiff,             )
       v.                          )
                                   )    NOTATION OF DEFAULT
LEGEND CAFÉ & KARAOKE, INC., WA MEN )
ZHANG, and WEI HAO LI,             )
                                   )
            Defendants.            )
-------------------------------------------------------------

      I, Robert C. Heinemann, Clerk of Court of the United States District Court for the Eastern District of New York, do hereby certify that the defendants Legend Café & Karaoke, Inc., Wa Men Zhang, and Wei Hao Li have not filed an answer or otherwise moved with respect to the complaint herein. The default defendants Legend Café & Karaoke, Inc., Wa Men Zhang, and Wei Hao Li are hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.


Dated: Brooklyn, New York
       October ____, 2005


                                              ROBERT HEINEMANN
                                              Clerk of Court


                          By:   _____
                                Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------

| | |
|---|---|
| ENTRAL GROUP INTERNATIONAL, LLC, ) | |
| ) | Case No: 05-cv-2292 |
| Plaintiff, ) | |
| v. ) | |
| ) | DEFAULT JUDGMENT |
| LEGEND CAFÉ & KARAOKE, INC., WA MEN ) | |
| ZHANG, and WEI HAO LI, ) | |
| ) | |
| Defendants. ) | |

------------------------------------------------------------

The summons and complaint in this action having been duly served on the defendants Legend Café & Karaoke, Inc., Wa Men Zhang, and Wei Hao Li on June 4, 2005 and said defendants having failed to plead or otherwise defend in this action, and said default having been duly noted, and upon the annexed affidavit of default judgment,

NOW, on motion of David Wienir, the attorney for the plaintiff, it is hereby

ORDERED and ADJUDGED that Entral Group International, the plaintiff, does recover of Legend Café & Karaoke, Inc., Wa Men Zhang, and Wei Hao Li, the defendants, residing at 6201 8th Avenue, Brooklyn, New York, 11220 the sum of $2,100,000, the amount claimed, with $595.00 costs and disbursements, amounting in all to the sum of $2,100,595.00, plus interest at the legal rate in effect on the date of this judgment; and, that the plaintiff have execution therefore.

Dated: Brooklyn, New York
October ___, 2005

By: _____
     District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------

ENTRAL GROUP INTERNATIONAL, LLC,          )
                                          )     Case No: 05-cv-2292
             Plaintiff,                   )
        v.                                )
                                          )     AFFIDAVIT IN SUPPORT
LEGEND CAFÉ & KARAOKE, INC., WA MEN       )     OF DEFAULT JUDGMENT
ZHANG, and WEI HAO LI,                    )
                                          )
             Defendants.                  )
------------------------------------------------------------

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

David E. Wienir, Esq., being duly sworn, deposes and states:

1. I am an attorney admitted to practice in the United States District Court, Eastern District of New York, and am associated with the law firm Coudert Brothers LLP.

2. I am the attorney of record for plaintiff Entral Group International, LLC, and have personal knowledge of the facts set forth in this affidavit. I submit this affidavit in further support of plaintiff's motion for a default judgment against defendants.

3. The plaintiff, on May 11, 2005, filed in this cause a Summons and Complaint against defendants.

4. This action was commenced pursuant 17 U.S.C. §101 *et seq.*, 15 U.S.C. §1125(a), New York General Business Law §350, New York General Business Law §349, New York General Business Law §360-1, New York Business Law §133, and common law unfair competition.

5. Defendants were personally served with a copy of the summons and complaint on June 4, 2005 pursuant to CPLR §308 and §311. See *Exhibit A*. Accordingly, pursuant

to the statute, defendants have 20 days to answer or otherwise respond to the Complaint.

6. More than twenty (20) days have elapsed since the date on which the defendants were served with the summons and a copy of the Complaint.

7. Accordingly, the time within which defendants may answer or otherwise move with respect to the complaint has expired; said defendants have not answered or otherwise moved with respect to the complaint. See *Exhibit B*.

8. Said defendants are not infants or incompetents. Defendants are not presently in the military service of the United States.

9. Said defendants are indebted to the plaintiff in the following manner:

    a) Statutory damages in the maximum amount of $150,000 with respect to each of plaintiff's copyrighted works registered in the United States, pursuant to 17 U.S.C. 504(c), and as specifically requested in the Complaint; Fourteen (14) Certificates of Registration are attached to the Complaint, Exhibit B; total amount of damages is $2,100,000 ($150,000 x 14).

    b) Costs and disbursements in the amount of $595.00

10. As a result, plaintiff was damaged in the sum of $2,100,595.00.

11. Plaintiff requests judgment on each and every claim for relief alleged in the Complaint.

12. Wherefore, plaintiff, Entral Group International, LLC requests that the default of defendants be noted and that judgment be entered in favor of plaintiff and against defendants in the manner stated herein.

13. I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief; that the amount claimed is justly due and owing to plaintiff; that no part thereof has been paid; and that the disbursements sought to be taxed have been made in this action, or will necessarily be made or included in this action.

David Wienir (DW-5804)

Sworn to before me this
6th day of October, 2005.

Notary Public

LYNN MICHALSON
NOTARY PUBLIC, State of New York
Reg. No. 01MI4763246
Qualified in New York County
Commission Expires June 30, 2007

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
ENTRAL GROUP INTERNATIONAL, LLC,    )
                                    )   Case No: 05-cv-2292
          Plaintiff,                )
                                    )
     v.                             )
                                    )   MEMORANDUM AND
LEGEND CAFÉ & KARAOKE, INC., WA MEN )   ORDER
ZHANG, and WEI HAO LI,              )
                                    )
                                    )
          Defendants.               )
------------------------------------------------------------

This Court directs the Clerk of the Court to enter a default judgment in favor of plaintiff, pursuant to Federal Rule of Civil Procedure 55(a) in the above-captioned case as defendants have failed to plead or otherwise defend this action.

Plaintiff served a summons and complaint upon defendants principal place of business of Legend Café & Karaoke, Inc. at 6201 8th Avenue, Brooklyn, New York, 11220, on June 4, 2005 and a summons and complaint upon Wa Men Zhang and Wei Hao Li at 6201 8th Avenue, Brooklyn, New York, 11220 on June 4, 2005. On October 7, 2005, more than twenty (20) days after defendants were served, plaintiff bought this action for default judgment.

According to New York Civil Practice Law & Rules ("CPLR") Rule 320, a defendant served in New York by plaintiff has twenty days to answer or appear. As plaintiff brought this action for a default more than twenty days after the date the defendants were served, default of defendants is to be noted in favor of plaintiff.

    SO ORDERED.

Dated: Brooklyn, New York
       October ___, 2005

                                              _____
                                              U.S.D.J.

NEWYORK 4412727v4

# AFFIDAVIT OF SERVICE

**UNITED STATES DISTRICT COURT/EASTERN DISTRICT OF NEW YORK**

No. CV 05 1917

**ENTRAL GROUP INTERNATIONAL, LLC**
   **Plaintiff,**

   -against-

**LEGEND CAFÉ & KARAOKE, INC., ET ANO**
   **Defendants.**

---

State Of New York, County of New York SS.:
**JOLANTYNA CAGNEY**
Being duly sworn, deposes and says that she is over the age of 18 years, is not a party to this action and resides in New York.

That on the 4TH day of JUNE 2005, At **10:10 PM**

At: **6201 8TH AVENUE, BROOKLYN, NEW YORK 11220**

Deponent served the Annexed: **SUMMONS IN A CIVIL ACTION, COMPLAINT, CIVIL COVER SHEET, ARBITRATION CERTIFICATION, DISCLOSURE OF INTERESTED PARTIES PURSUANT TO RULE 7.1 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Upon: **WA MEN ZHANG**

### PERSONAL SERVICE ON AN INDIVIDUAL
A corporation, by delivering thereat a true copy to **WA MEN ZHANG** personally; deponent knew the said individual to be *Authorized To Accept Service* thereof.

**DESCRIPTION** - Deponent describes the individual served or spoken to as follows:
Sex: **FEMALE** Color: **YELLOW** Hair: **BLACK** App. Age: **32** App.Ht: **5'7"** App. Wt. **175**
Other identifying features:

Sworn to before me this 6TH
day of JUNE 2005

*(signature)*
**PATRICIA M. FALCONE**
Notary Public State of New York
No. 01FA-4950056
Qualified in Kings County
Term Expires April 24 2007

*(signature)*
JOLANTYNA CAGNEY 1169105

# AFFIDAVIT OF SERVICE

UNITED STATES DISTRICT COURT/EASTERN DISTRICT OF NEW YORK
No. CV 05 1917

ENTRAL GROUP INTERNATIONAL, LLC
   Plaintiff,

-against-

LEGEND CAFE & KARAOKE, INC., ET ANO
   Defendants.

---

State Of New York, County of New York SS:
JOLANTYNA CAGNEY
Being duly sworn, deposes and says that she is over the age of 18 years, is not a party to this action and resides in New York.

That on the 4TH day of JUNE 2005, At 10:10 PM

At: C/O LEGEND CAFE & KARAOKE, INC., 6201 8TH AVENUE, BROOKLYN, NEW YORK 11220

Deponent served the Annexed: SUMMONS IN A CIVIL ACTION, COMPLAINT, CIVIL COVER SHEET, ARBITRATION CERTIFICATION, DISCLOSURE OF INTERESTED PARTIES PURSUANT TO RULE 7.1 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Upon: WEI HAO LI

### 308 (2) ALTERNATIVE METHOD (SUITABLE AGE PERSON)
By delivering thereat a true copy to WA MEN ZANG (CO-WORKER) a person of suitable age and discretion. Said premises are defendant's last known place of business within the state.

### MAILING
ON JUNE 7TH, 2005 - Deponent also enclosed a copy of same in a postpaid sealed wrapper properly marked **Personal and Confidential** and addressed to WEI HAO LI, C/O LEGEND CAFÉ & KARAOKE, 6201 8TH AVENUE, BROOKLYN, NEW YORK 11220 defendant's last known place of business-and deposited said wrapper in - a post office - under the exclusive care and custody of the United States Postal Service within the State of New York

### DESCRIPTION - Deponent describes the individual served or spoken to as follows:
Sex: FEMALE Color: YELLOW Hair: BLACK App. Age: 32 App.Ht: 5'7" App. Wt. 175
Other identifying features:

Sworn to before me this 6TH
day of JUNE 2005

PATRICIA M. FALCONE
Notary Public State of New York
No. 01FA-4950056
Qualified in Kings County
Term Expires April 24 2007

JOLANTYNA CAGNEY 1169105



**AFFIDAVIT OF SERVICE**

UNITED STATES DISTRICT COURT/EASTERN DISTRICT OF NEW YORK
_____ No. CV 05 1917

**ENTRAL GROUP INTERNATIONAL, LLC**
   *Plaintiff,*

   -against-

**LEGEND CAFE & KARAOKE, INC., ET ANO**
   *Defendants.*

---

State Of New York, County of New York SS.:
JOLANTYNA CAGNEY
Being duly sworn, deposes and says that she is over the age of 18 years, is not a party to this action and resides in New York.

That on the 4TH day of JUNE 2005, At 10:10 PM

At: 6201 8TH AVENUE, BROOKLYN, NEW YORK 11220

Deponent served the Annexed: SUMMONS IN A CIVIL ACTION, COMPLAINT, CIVIL COVER SHEET, ARBITRATION CERTIFICATION, DISCLOSURE OF INTERESTED PARTIES PURSUANT TO RULE 7.1 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Upon: LEGEND CAFE & KARAOKE, INC.

**PERSONAL SERVICE ON A CORPORATION**
A corporation, by delivering thereat a true copy to WA MEN ZHANG personally;
deponent knew the said individual to be *Authorized To Accept Service* thereof.

**DESCRIPTION** - Deponent describes the individual served or spoken to as follows:
Sex: FEMALE Color: YELLOW Hair: BLACK App. Age: 32 App.Ht: 5'7" App. Wt. 175
Other identifying features:

Sworn to before me this 6TH
day of JUNE 2005

PATRICIA M. FALCONE
Notary Public State of New York
No. O1FA-4950056
Qualified in Kings County
Term Expires April 24, 2007

JOLANTYNA CAGNEY 116 9105

# U.S. District Court
## Eastern District of New York (Brooklyn)
### CIVIL DOCKET FOR CASE #: 1:05-cv-02292-CBA-SMG

Entral Group International, LLC v. Legend Cafe & Karaoke, Inc. et al
Assigned to: Judge Carol B. Amon
Referred to: Magistrate-Judge Steven M. Gold
Cause: 17:101 Copyright Infringement

Date Filed: 05/11/2005
Jury Demand: None
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Entral Group International, LLC**   represented by   **David Edward Wienir**
Coudert Brothers LLP
1114 Ave. of the Americas
New York, NY 10036-7703
212-626-4755
Fax: 212-626-4120
Email: wienird@coudert.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin W. Goering**
Coudert Brothers
1114 Avenue of the Americas
New York, NY 10036
(212) 626-4400
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Legend Cafe & Karaoke, Inc.**

**Defendant**

**Wa Men Zhang**

**Defendant**

**Wei Hao Li**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/11/2005 | 1 | COMPLAINT against Legend Cafe & Karaoke, Inc., Wa Men Zhang, Wei Hao Li $ 250, filed by Entral Group International, LLC. (Attachments: # 1 Civil Cover Sheet # 2 Exhibit 1 Part A# 3 Exhibit 1 Part B# 4 Exhibit 2)(Villanueva, William) (Entered: 05/12/2005) |

| | | |
|---|---|---|
| 05/11/2005 | 2 | DISCLOSURE of Interested Parties by Entral Group International, LLC. (Villanueva, William) (Entered: 05/12/2005) |
| 05/11/2005 | | Summons Issued as to Legend Cafe & Karaoke, Inc., Wa Men Zhang, Wei Hao Li. (Villanueva, William) (Entered: 05/12/2005) |
| 06/16/2005 | 3 | SCHEDULING ORDER:An initial conference will be held in this case at 10:30 a.m. on September 30, 2005 before United States Magistrate Judge Steven M. Gold, in Room 287, at 225 Cadman Plaza East, Brooklyn, New York. Counsel for all parties must be present.Plaintiff's counsel is requested to confirm with defendants' counsel that all necessary participants are aware of this conference. See attached Order. Ordered by Judge Steven M. Gold on 06-16-2005. (Houlihan, Tina) (Entered: 06/16/2005) |
| 09/20/2005 | 4 | Letter from Coudert Brothers to Judge Gold Regarding Initial Conference. (Wienir, David) (Entered: 09/20/2005) |
| 09/20/2005 | | ORDER re 4 LetterThe initial conference is adjourned without date. Plaintiff is to file a motion for default or report on the status of this case no later than October 28, 2005. Ordered by Judge Steven M. Gold on 09/20/2005. (Vasquez, Lea) (Entered: 09/20/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/06/2005 12:04:39 | | | |
| PACER Login: | cb2579 | Client Code: | 0020413-0002 |
| Description: | Docket Report | Search Criteria: | 1:05-cv-02292-CBA-SMG |
| Billable Pages: | 1 | Cost: | 0.08 |

AO 133   (Rev. 9/89) Bill of Costs

# UNITED STATES DISTRICT COURT

Eastern                              District of                              New York

Entral Group International, LLC                          **BILL OF COSTS**

V.

Legend Cafe & Karaoke, Inc., et al.                      Case Number: 05cv2292

Judgment having been entered in the above entitled action on _____ against _____,
                                                                  Date

the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk ................................................................... | $ 250.00 |
| Fees for service of summons and subpoena ............................................. | 325.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | |
| Fees and disbursements for printing ................................................... | |
| Fees for witnesses (itemize on reverse side) ........................................... | 0.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case ...... | |
| Docket fees under 28 U.S.C. 1923 ..................................................... | 20.00 |
| Costs as shown on Mandate of Court of Appeals ...................................... | |
| Compensation of court-appointed experts ............................................. | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | |
| Other costs (please itemize) .......................................................... | |
| TOTAL | $ 595.00 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to: _____.

Signature of Attorney: _[signature]_____

Name of Attorney:  David Wienir

For:  Entral Group International, LLC                                   Date:  10/7/2005
                 Name of Claiming Party

Costs are taxed in the amount of _____ and included in the judgment.

                                     By: _____         _____
Clerk of Court                             Deputy Clerk                              Date

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | TOTAL | | $0.00 |

### NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
"Entry of the judgment shall not be delayed for the taxing of costs."