UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
ENTRAL GROUP INTERNATIONAL, LLC,

      Plaintiff,                                 Case No.: 1-05-cv-02292-CBA-SMG

v.

LEGEND CAFÉ & KARAOKE, INC, WA MEN
ZHANG, and WEI HAO LI

      Defendants.

-------------------------------------------------------------

## DECLARATION OF ROBERT E. HANLON

**ROBERT E. HANLON**, pursuant to 28 U.S.C. § 1746, declares and says as follows:

1. I am a partner in the law firm of Alston & Bird LLP ("A&B") and am a member in good standing of the Bars of the States of New York and New Jersey, the United District Courts for the Southern and Eastern Districts of New York and the Districts of New Jersey and Arizona, the United States Court of Appeals for the Second Circuit and the United States Supreme Court. I am familiar with the facts and circumstances in this action.

2. My firm and I presently serve as counsel to Entral Group International LLC ("EGI"), Plaintiff in this action.

3. I make this declaration in support of Plaintiff's application to recover attorneys' fees and costs in this matter.

### Statement of Attorneys' Fees and Costs

4. Prior to our assuming representation, EGI was represented by Coudert Brothers LLP ("Coudert"). In August 2004, Coudert announced that it would be ceasing its

-2-

operations. EGI thereafter requested that A&B take over representation in this matter. A Stipulation for Substitution of Counsel was filed with this Court on November 3, 2005.

5. As enumerated in the Declaration of Nicolas Chai, President of EGI, filed concurrently with this Declaration, EGI has incurred $10,250 in legal fees based on the work done by Coudert.

6. The amount of attorneys' fees incurred to date in this litigation based on A&B's representation of EGI are $18,077.00.

7. The amount of attorneys' fees that are likely to be incurred through implementation of the Proposed Default Judgment and Permanent Injunction are estimated, to a reasonable degree of certainty, to be $7,000.00.

8. The legal work provided by A&B in this matter was performed primarily by attorneys in the firm's Intellectual Property Department including myself (Partner), Brook Clark (Associate) and Janet Moore (Associate).

9. A detailed statement of the services rendered by each A&B attorney for whom service fees are claimed, together with a summary of the time spent by each person and the costs incurred in connection with this action is attached hereto as Exhibit A. This statement of services reflects the legal services that were necessary to the litigation of this action, including, but not limited to:

(A)     Meetings with EGI regarding the merits of its claims and the proceedings to date;

(B)     Investigation of EGI's copyright interests and filings;

(C)     Drafting and filing the substitute Proposed Default Judgment and Permanent Injunction, including conducting research regarding the same;

NYC01/7788827v1

(D)    Drafting and filing the Memorandum of Law in Support of Plaintiff's Request for Relief and Proposed Default Judgment and supporting declarations, including conducting research regarding the same; and

(E)    Preparing this Declaration regarding attorneys' fees and costs.

10. A&B's billing statements are normally rendered on a monthly basis and are due and payable upon receipt. A&B takes into account many factors in billing for services rendered. The principal factor is usually A&B's time costs billed at hourly rates for attorneys and legal assistants who do the work. A&B's schedule of hourly rates for attorneys and other members of the professional staff is based on years of experience, specialization in training and practice and level of professional attainment.

11. The customary hourly charges at A&B for the individuals who had primary responsibility for this case are as follows:

    a.  Robert E. Hanlon (Partner) $550.00

    b.  Brook Clark (Associate) $325.00

    c.  Janet Moore (Associate) $210.00

12. The rates of these individuals are reasonable, and in keeping with those prevailing in the community for similar services. A true copy of an article from the *National Law Journal*, dated December 6, 2004, that sets forth the published billing rates of many New York firms of comparable size and reputation of A&B is attached as Exhibit B.

13. Attorneys from A&B billed a total of 48.3 hours on this matter to date. It is estimated that attorneys from A&B will expend an additional 20 hours at a blended billing rate of $350 per hour to complete, serve and file this submission and to participate in the impoundment of the materials provided for in the Judgment. As the bill preparer for EGI, I

review each charge for reasonableness before submission to the client. The number of hours devoted to this case are reasonable considering the nature of this action and the value of EGI's copyright interests and trademarks.

14. In addition to its attorneys' fees, Plaintiff also incurred taxable costs in the amount of $595 associated with this action as reported in the Bill of Costs attached hereto as Exhibit C.

15. The total cost of this litigation is reasonable in comparison to the costs associated with comparable copyright and trademark infringement actions. A true copy of the *American Intellectual Property Law Association: Report of the Economic Survey 2003*, the most recent survey available, that sets forth the total costs of copyright and trademark infringement suits is attached as Exhibit D.

16. As directed by the Court, Plaintiff, through its former counsel, served a copy of the October 17, 2005 Order on each defendant via certified mail as evidenced by the return receipt attached hereto as Exhibit E.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: November 7, 2005
New York, New York

                                                    s/Robert E. Hanlon
                                                  ROBERT E. HANLON

NYC01/7788827v1