UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ENTRAL GROUP INTERNATIONAL, LLC,

    Plaintiff,

v.

LEGEND CAFÉ & KARAOKE, INC, WA MEN ZHANG, and WEI HAO LI

    Defendants.

-----------------------------------------------------------

Case No.: 1-05-cv-02292-CBA-SMG

**PROPOSED DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

This action having been commenced by Plaintiff Entral Group International LLC ("EGI") on May 5, 2005 by the filing of the Summons and Complaint and a copy of the Summons and Complaint having been served on defendants Legend Café & Karaoke, Inc., Wa Men Zhang and Wei Hao Li ("Defendants"), and Defendants having failed to plead or otherwise defend in this action, and said default having been duly noted, and a default judgment having been entered against Defendants on October 14, 2005;

IT IS ORDERED, ADJUDGED AND DECREED that the Judgment by default on the claims alleged against Defendants by EGI be entered against Defendants, and in particular that:

1.    this Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 502, 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b);

2.    venue is proper in this judicial district pursuant to 28 U.S.C. §1391;

3.    this Court has personal jurisdiction over all parties to this action;

4.    all of EGI's allegations against Defendants as set forth in the Complaint are deemed true;

NYC01/7788752v2

5. defendants have received, copied, distributed and performed Chinese language karaoke audio-visual works exclusively licensed to EGI (the "Works"), including, but not limited to the Works listed in Exhibit 1 of this Judgment;

6. Defendants have engaged in the willful infringement of EGI's copyrights in and to the "Works";

7. Defendants have engaged in the willful infringement of EGI's copyrights in and to fourteen of the Works which are registered in the United States Copyright Office (the "Selected Works");

8. Defendants have knowingly engaged in false designations of origin, false descriptions and false representations, common law unfair competition and willful infringement of EGI's trademarks; and that

9. this is an exceptional case.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants, as well as their parent, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns, and those persons in active concert or participation with any of them, are PERMANENTLY ENJOINED and RESTRAINED from:

a) directly or indirectly infringing Plaintiff's rights in those copyrighted Works listed in Exhibit 1 to this Judgment, which are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff); and

b) directly or indirectly infringing Plaintiff's rights in any other of the copyrighted Works, whether now in existence or later created, which are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including, but not limited to,

commercially using any audio-visual Chinese language karaoke work created by Universal Music Limited, EMI Group Hong Kong Limited, Emperor Entertainment (Hong Kong) Limited, Go East Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd. (the "Companies");

c)  making any use, in any manner whatsoever, of the marks "ENTRAL GROUP INTERNATIONAL," "EGI" or the names or marks of the Companies, or any marks or names confusingly similar to any of the foregoing;

d)  unfairly competing with, injuring the business reputation of, or damaging the goodwill of Plaintiff, and engaging in unfair competition that in any way injures Plaintiff;

e)  publishing or distributing any promotional materials or other communication referring to EGI, the Works or the Companies, in any medium, including, but not limited to, the internet, television, radio, newspapers, magazines, direct mail or oral communication; and

f)  selling or distributing any of EGI's or the Companies products.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff is authorized, under the supervision and with the assistance of the United States Marshal, as soon as practicable after the issuance of this Judgment, to take all necessary steps to secure and remove the following:

g)  all physical copies of any of the Works, including but not limited to the Works listed in Exhibit 1 of this Judgment;

h)  all machines, devices or equipment storing copies of the Works, including but not limited to the Works listed in Exhibit 1 of this Judgment;

i) machines, devices or equipment capable of copying, storing, playing or performing the Works exclusively licensed to EGI by the Companies, including but not limited to the Works listed in Exhibit 1 of this Judgment;

j) machines, devices or equipment capable of distributing the Works, including but not limited to the Works listed in Exhibit 1 of this Judgment; and

k) machines, devices or equipment containing software capable of loading audio-visual works onto computers capable of distributing the Works, including but not limited to the Works listed in Exhibit 1 of this Judgment;

l) all business records relating to the receipt, copying, storing, distribution, playing or performing of Works, including but not limited to the Works listed in Exhibit 1 of this Judgment, as well as records relating to the identity of the owners, managers and agents of the Defendants and to the profits associated with the business in which the Works have been used,

as may be found in the possession or control of Defendants or their agents or employees at the place of business located at 6201 8th Avenue, Brooklyn, New York 11220.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a trained representative of Plaintiff, on behalf of whom the Judgment is being issued, shall accompany and assist the United States Marshal in the execution of this Judgment to inspect and test equipment that may be subject to impoundment and take all necessary steps to secure and remove from the premises any and all infringing copies, materials, equipment and records as described above.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any documents impounded may be duplicated by Plaintiff or its counsel, and such original documents, other than

the Works themselves, shall be returned to Defendants within ten (10) business days of the impoundment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that when executing the impoundment, the United States Marshal shall serve a copy of the Judgment of this Court, by leaving them at the place of business of Defendants, or of any agent, employee, or officer of Defendants, or at the place where such articles are found, with any person of suitable age and discretion; and that the Marshal make immediate return of service, and of such impoundment or attempted impoundment to this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the United States Marshal may use such force as may be reasonably necessary to gain access to the premises and anyone interfering with the execution of this Judgment is subject to arrest by the United States Marshal and/or his or her representative.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the United States Marshal deliver all articles impounded to Alston & Bird LLP, counsel for Plaintiff, who shall retain and shall act as substitute custodian of any and all property impounded pursuant to the Judgment and shall hold harmless the United States Marshals Service and its employees from any and all claims, asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the impoundment and possession of the Defendants' property, including any third-party claims.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff or its counsel will account completely for all property impounded pursuant to this Judgment and shall compile a written inventory of all such property and shall provide a copy to the United States Marshal, who shall include such a copy with his return to the court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants shall surrender and permanently forfeit to Plaintiff the following:

m) all machines, devices or equipment storing copies of the Works, including but not limited to the Works listed in Exhibit 1 of this Judgment;

n) machines, devices or equipment capable of copying, storing, playing or performing the Works, including but not limited to the Works listed in Exhibit 1 of this Judgment;

o) machines devices or equipment that capable of distributing the Works, including but not limited to the Works listed in Exhibit 1 of this Judgment; and

p) machines devices or equipment containing software capable of loading audio-visual works onto computers capable of distributing the Works, including but not limited to the Works listed in Exhibit 1 of this Judgment,

as may be found in the possession or control of Defendants or their agents or employees at the place of business located at 6201 8th Avenue, Brooklyn, New York 11220; and

q) all physical copies of any of the Works, including but not limited to, the Works listed in Exhibit 1 of this Judgment, in any form and medium, and the media upon which such copies exist or are stored, which copies and media are in Defendants' custody or control, wherever they may be found.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants are jointly and severally liable to Plaintiff for damages in the amount of $ _____, together with post-judgment interest from the date of entry of this Judgment;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants are jointly and severally liable to Plaintiff for costs, disbursements, and attorneys fees, in an amount of

$_____ , together with post-judgment interest from the date of entry of this Judgment.

    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that:

r)    Defendants, when so requested by, and without compensation from Plaintiff, shall fully cooperate, in any inquiry, investigation, enforcement or legal action initiated by Plaintiff concerning the source or distribution of the Infringing Products by third parties;

s)    for a period of five years from the date of entry of this Judgment, Defendants will allow Plaintiff, and its respective agents, employees, and officers, reasonable access to the premises of Defendants to inspect, without notice, any equipment capable of containing, playing or displaying the Works;

t)    in the event that Defendants fail to comply with any provisions of this Judgment, Plaintiff shall be entitled to recover its reasonable attorneys' fees and costs associated with the enforcement of those provisions;

u)    Defendants shall provide notice to their parent, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns, and those persons in active concert or participation with any of them, of the terms of this Judgment;

v)    this Court shall retain jurisdiction for the limited purpose of enforcement of this Judgment, as may be necessary; and that

w)    the Clerk of this Court shall enter this Judgment forthwith.

**SO ORDERED**, this ____ day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK