UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
ENTRAL GROUP INTERNATIONAL, LLC,

      Plaintiff,   Case No.: 1-05-cv-02292-CBA-SMG

v.

LEGEND CAFÉ & KARAOKE, INC, WA MEN
ZHANG, and WEI HAO LI

      Defendants.

-------------------------------------------------------------

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO SUSPEND DEFAULT ORDER**

    Plaintiff Entral Group International, LLC ("EGI") submits this memorandum of law in opposition to the motion (the "Motion") of Defendants Legend Café & Karaoke, Inc., Wa Men Zhang and Wei Hao Li ("Defendants") to set aside the default entered against Defendants for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

    An entry of default is a serious remedy that is warranted when a party has failed to appear or defend as required by the Federal Rules of Civil Procedure. An entry of default may be set aside upon a showing of "good cause." Defendants have failed to meet this standard. First, Defendants' Motion to Suspend Default Order is utterly devoid of *any* reason justifying their failure to respond to Plaintiff's summons and complaint in this action, filed nearly eight months ago. Second, Defendants have not even alleged a basis for, let alone submitted evidence of, a meritorious defense. In their motion papers,

NYC01/7805349v1

which consists of four sentences, Defendants cryptically state that settlement negotiations were unsuccessful and that they are no longer in business.  However, neither of these statements constitutes a defense.  In short, Defendants' motion lacks any merit and fails to meet the standards required by Rule 55(c) of the Federal Rules of Civil Procedure to set aside an entry of default.  As such, Defendants' Motion to Set Aside Default Order should be denied.

## FACTUAL BACKGROUND

The underlying lawsuit, case no. cv-05-2292, was filed on May 11, 2005.  Defendants were personally served with a copy of the summons and complaint on June 4, 2005.  Defendants do not dispute that service was proper.  Rule 12(a) of the Federal Rules of Civil Procedure gives Defendants twenty (20) days to answer or otherwise respond to the complaint. Fed.R.Civ.P. 12(a).  On October 7, 2005, nearly five months after Defendants were served, and in light of Defendants' failure to respond in any way to Plaintiff's complaint, Plaintiff filed a motion to enter default.

On October 12, 2005, the Clerk of this Court entered a notation of default.  By Order dated October 14, 2005, Judge Amon ruled that default judgment be entered against Defendants and referred Plaintiff's request for damages to Magistrate Judge Gold.  Magistrate Judge Gold directed Plaintiff to file its submission in support of its request for damages by November 7, 2005 and directed Defendants to file their response no later than November 21, 2005.  Plaintiff submitted its Request for Relief and supporting papers on November 7, 2005.  Shortly before Defendants' response was due, Defendants appeared for the very first time in this matter and requested an extension of time to file their response.  The Court granted Defendants' request and gave Defendants until

NYC01/7805349v1

December 23, 2005 to move to set aside the default. On the eve of the December deadline, Defendants once again requested an extension to file their response. The Court again granted Defendants' request and gave Defendants until January 17, 2006 to submit their response.

On January 17, 2006, almost two months after receiving Plaintiff's Request for Relief and nearly three months after this Court entered its default, Defendants submitted a one page Motion to Suspend Default Order, four sentences long, unaccompanied by any supporting affidavits or documents, and completely devoid of any legally cognizable defenses warranting setting aside the entry of default.

## ARGUMENT

While Rule 55(c) of the Federal Rules of Civil Procedure provides this Court with the discretionary power to set aside an entry of default, it requires a showing of "good cause" to do so. Defendants request that this Court set aside the entry of default, but offer no evidence or a legally cognizable reason – *i.e.*, "good cause" – for doing so.

Courts in the Second Circuit consider three factors when deciding whether to set aside a party's default: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Powerserve Int'l Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (*quoting Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). These factors should be balanced against the competing interest in "maintaining 'an orderly efficient judicial system' in which default is a useful weapon 'for enforcing compliance with the rules of procedure.'" *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)

(*quoting* 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure Civil 2d*, § 2693 at 478.).

### A. Defendants Default was Willful.

In order to establish willfulness, Plaintiff need not show bad faith on the part of Defendants, but must show more than mere negligence or carelessness. Courts have found defaults willful where the conduct of the adversary was "egregious and was not satisfactorily explained." *SEC v. McNulty*, 137 F.2d 732, 738 (2d Cir. 1998). *See United States v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976) (default found willful where an attorney failed, for unexplained reasons, to respond to a motion for summary judgment). *See also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (default found willful where adversary failed, for weak reasons, to comply with scheduling orders). Defendants make no argument that their default was a result of negligence or carelessness. Rather, the factual record is clear – Defendants were properly served and given far more than the mandated time to respond. Despite this, Defendants failed to answer or otherwise respond to Plaintiff's complaint.

### B. Setting Aside the Default Would Prejudice EGI.

Defendants were served with a cease and desist notice in December 2004. Despite Plaintiff's demand that Defendants immediately halt their infringing conduct, Defendants continued to violate Plaintiff's copyrights for many months after receiving the cease and desist letter and even continued infringing after service of the summons and complaint. In fact, on October 22, 2005, after this Court entered a default judgment against Defendants, Defendants were still infringing Plaintiff's copyright interests.

Further delay will surely prejudice Plaintiff in its efforts to ensure the end of infringing conduct.

Moreover, if, as Defendants' counsel has suggested, the Defendant corporation is out of business, every day of delay makes it more likely that whatever assets the corporation may have had will be liquidated and made unavailable to Plaintiff. This dissipation of assets will prejudice Plaintiff and may work a hardship on innocent third-party creditors whose collections prior to judgment may have to be unwound as preferences.

### C. Defendants Did Not Present a Meritorious Defense.

A party seeking to vacate an entry of default must proffer some evidence beyond conclusory denials to satisfy the meritorious defense factor. "[T]he moving party on a motion to reopen a default must support its general denials with some underlying facts." *Sony Corp.*, 800 F.2d at 320. While Defendants need not establish their defense conclusively, they "must present *evidence* of facts that, 'if proven at trial, would constitute a complete defense.'" *SEC v. McNulty*, 137 F.3d at 704, *quoting Enron Oil Co. v. Diakuhara*, 10 F.3d at 98) (emphasis added).

Here, Defendants failed to present *any* evidence of facts that, if proven at trial, would constitute a complete defense. Defendants' motion, in its entirety, provides:

> I humbly submit this motion to suspend the default order as defendants allege that they negotiated with Plaintiff in good faith until the Plaintiff change attorney. At no time Plaintiff informed Defendants that Plaintiff stopped the negotiation.
> Defendants were represented by Jackie Z. Huang, Esq. of 5805 8th Avenue, 2/F Brooklyn NY 11220, to negotiate with Plaintiff.
> Presently Defendants are out of business after opening for business for about one and half a year.

> *See Defendants Motion to Suspend Default.*

NYC01/7805349v1

In addition to an absence of any legal foundation, Defendants' motion is not supported by affidavits or any other underlying facts to constitute a meritorious defense. Rather, after obtaining two extensions from this Court, thereby extending their time to respond by nearly two months, Defendants' motion consists of four sentences and was submitted with no other supporting documentation. Defendants sole basis for setting aside the default appears to be that (1) the parties were engaged in unsuccessful settlement negotiations and (2) Defendants are no long conducting business. Neither of these "allegations," however, constitute a legally cognizable defense. The fact that the parties were engaged in settlement negotiations does not provide Defendants with a defense. Even if the parties were engaged in on-going settlement negotiations, which EGI disputes, Defendants were still under an obligation to answer or otherwise respond to Plaintiff's complaint. Moreover, Defendants never requested and Plaintiff never agreed to an extension of time for Defendants to respond to Plaintiff's complaint. Similarly, the fact that Defendants are "out of business" has no bearing on its failure to respond to Plaintiff's complaint and is not a meritorious defense warranting setting aside the default judgment.

Good cause to open the default entered by this Court was not established because Defendants' default was willful, setting aside the default would prejudice Plaintiff and Defendants failed to demonstrate that they possessed a meritorious defense. Simply put, Defendants have not even come close to meeting its burden of proving that "good cause" exists for vacating the entry of default.

Finally, if this Court were to decide to vacate the default, Plaintiff respectfully requests that it only do so on condition precedent that Defendants pay the costs Plaintiff

has incurred in obtaining the entry of default and in opposing this motion, which to date are approximately $28,351.50. Conditional vacatur has often been awarded in Rule 55(c) cases. *See, e.g., Coon v. Grenier*, F.2d 73, 79 (1st Cir. 1989) (vacatur conditioned on defendant's payment of costs and fees incurred in securing entry of default and default judgment); *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 398, 419 (E.D. Pa. 1981).

## CONCLUSION

For the reasons set forth above and in the accompanying declaration, Plaintiff respectfully requests that Defendants' Motion to Suspend Default Order be denied in all respects.

    /s/
Robert E. Hanlon
Lara Holzman (LH-8355)
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
(212) 210-9400
*Attorneys for Plaintiff Entral Group International, LLC*

*On the papers:*
Brook A. Clark
*(admitted in Georgia and Kentucky)*

- 7 -